**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____
                                                                )
In re Application of the Republic of Turkey    )
for an Order Under 28 U.S.C. § 1782 to         )      Case No.
Conduct Discovery for Use in Foreign          )
Proceedings                                                   )
                                                                )
_____

**PETITIONER'S _EX PARTE_ APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782
TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND
SUPPORTING MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 1

ARGUMENT .............................................................................................................................. 4

    I.    Petitioner's Application Satisfies the Statutory Requirements of Section 1782 ............................................................................................................................. 4

    II.    The Discretionary Factors Weigh in Favor of Granting Petitioner's Application ................................................................................................................. 6

PRAYER FOR RELIEF ............................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re Accent Delight Int'l Ltd.*,
   869 F.3d 121 (2d Cir. 2017) ................................................................................................5

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*,
   466 F. Supp. 2d 1020 (N.D. Ill. 2006) ....................................................................... 4, 6, 7, 8

*In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings*,
   773 F.3d 456 (2d Cir. 2014) ................................................................................................5

*In re Gianasso*,
   2012 WL 651647 (N.D. Cal. Feb. 28, 2012) ........................................................................5

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
   633 F.3d 591 (7th Cir. 2011) ............................................................................................6, 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ..................................................................................................... passim

*In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*,
   2017 WL 3386115 (N.D. Ill. Aug. 7, 2017) ......................................................................6, 8

*In re Mangouras*,
   2017 WL 4990655 (S.D.N.Y. Oct. 30, 2017) .......................................................................5

*In re Microsoft Corp.*,
   2006 WL 1344091 (D. Mass. Apr. 17, 2006) (denying request where the foreign tribunal could provide the same discovery as petitioner was requesting under Section 1782) ................................................................................................................8

*In re Microsoft Corp.*,
   428 F.Supp.2d 188 (S.D.N.Y.2006) .....................................................................................7

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*,
   376 F.3d 79 (2d Cir. 2004) ...................................................................................................7

**Federal Statutes**

28 U.S.C. § 1782 ........................................................................................... 1, 2, 4, 5, 9

**Rules**

Federal Rule of Civil Procedure 26 ..................................................................................................8

Federal Rules of Civil Procedure Rules 45 ......................................................................................1

**Other Authorities**

*Charter Official Made $100,000 on Deal*, Chicago Sun-Times (Dec. 23, 2013).............................2

Denis Smith, *Charter Schools Are Withholding Public Records*, Columbus
    Dispatch (June 8, 2018)........................................................................................................9

*Powerful Turkish Imam*, CBS News – 60 Minutes (May 13, 2012) .................................................1

**INTRODUCTION**

The Republic of Turkey ("Petitioner"), by and through undersigned counsel, hereby requests leave pursuant to 28 U.S.C. § 1782 ("Section 1782") and Rules 26 and 45 of the Federal Rules of Civil Procedure to serve Respondents[1] with the subpoenas attached hereto as **Exhibit 1**. The requested relief is for the purpose of obtaining limited, but necessary, discovery in aid of an ongoing criminal investigation being conducted by the Turkish Ministry of Justice in the Republic of Turkey. As is set forth in the concurrently filed Statement of Facts, substantial evidence exists to suggest that Concept Schools ("Concept") and a host of insiders and affiliated companies and individuals are engaged in criminal activity in the United States and Turkey. Petitioner requires additional evidence of this criminal activity in order to further its investigation into various violations of Turkish law, including potential money laundering and fraud offenses through which Respondents are believed to be funneling the proceeds of this criminal activity from the United States into the Republic of Turkey.

**FACTUAL BACKGROUND**

As is set forth more fully in the concurrently filed Statement of Facts, Concept is a non-profit charter school management company overseeing 31 charter schools in 31 states, including Illinois and Ohio. Various whistleblowers have publicly alleged that Concept schools are fraudulently siphoning public education funds away from their intended purpose of educating children in order to finance the international political activities of Fethullah Gulen, an exiled

---

[1] Respondents to this application include: (1) Concept Schools NFP; (2) Chicago Mathematics and Science Academy, Inc.; (3) Concept Schools NFP d/b/a Horizon Science Academy McKinley Park Charter School; (4) Concept Schools NFP d/b/a Horizon Science Academy Belmont Charter School; (5) Concept Schools NFP d/b/a Horizon Science Academy Southwest Chicago Charter School; (6) New Plan Learning, Inc.; (7) Quality Builders of Midwest, Inc.; (8) Design Furniture and Lab Systems, Inc.; (9) Maestro Corporate Group LLC; (10) Signature Maker, Inc.; (11) JP Morgan Chase Bank N.A.; (12) PNC Bank N.A.; (13) Edip Pektas; and (14) Ridvan Uysaler.

1

Turkish cleric residing in the State of Pennsylvania. *See U.S. Charter Schools Tied to Powerful Turkish Imam*, CBS News – 60 Minutes (May 13, 2012), http://www.cbsnews.com/news/us-charter-schools-tied-to-powerful-turkish-imam/; *Charter Official Made $100,000 on Deal*, Chicago Sun-Times (Dec. 23, 2013), https://www.pressreader.com/usa/chicago-sun-times/20131223/282454231816690.

Petitioner retained undersigned counsel and a team of former federal prosecutors and investigators to investigate those whistleblower allegations and to determine whether funds that were transmitted into Turkey by companies and individuals affiliated with Concept were derived from criminal activity that took place or is currently taking place in the United States. Petitioner's investigative findings are described in full in the concurrently filed Statement of Facts in Support of Petitioner's Ex Parte Application for an Order Under 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Statement of Facts"). As discussed therein, significant evidence was uncovered to suggest the allegations against Concept and its web of insiders are true.

An extensive review of corporate records, construction permits, and other public documents first revealed that Concept improperly awarded millions of dollars in municipal bond-financed construction contracts to renovate Concept schools to companies owned by favored insiders, despite promising prospective investors that all major contracts would be awarded through a fair and open competitive bidding process. *See* Statement of Facts ¶¶ 45-60. Many of the recipients of these contracts were the same insider individuals and companies that purported to be information technology specialists and were awarded millions of dollars in federal E-Rate program funded contracts that were the subject of an FBI investigation in 2014. *See id.* ¶¶ 81-91.

A similar practice appears to be occurring in connection with federally-funded contracts for Concept's school lunch programs. Although required by the U.S. Department of Agriculture

to abide by strict procurement policies in selecting school lunch vendors, several Concept schools have awarded lucrative contracts worth millions of dollars to an obscure catering company that used the same address as the personal residence of Concept's Chief Financial Officer. *Id.* ¶¶ 61-64.

Petitioner's investigation also uncovered evidence of other forms of insider dealing at Concept designed to divert funds away from their intended purpose of educating this country's children. A review of real estate transactions involving Concept campuses, for example, reveals that Concept schools have recently purchased property from insider companies at inflated prices, both enriching the insiders and indebting the schools. *See id.* ¶¶ 65-69. Several other Concept-managed schools have sold their campuses to insider companies, which then leased those properties back to the schools through unfavorable "absolute net" agreements at rents well-above fair market value. Concerns about this practice were even raised by the Auditor of the State of Ohio in 2019, which found "regular overlapping" of Concept schools' board members and New Plan Learning, an insider entity which owns several Concept properties. *See id.* ¶¶ 70-73.

Concept's suspected criminal activities do not end there. U.S. Department of Labor records provide strong support for whistleblowers' allegations that Concept is committing immigration and visa fraud in order to generate illicit kickbacks and relocate Turkish supporters of Mr. Gulen into the United States. Those records show that in the last three years alone, Concept has sponsored hundreds of individuals for H-1B visas and permanent residence, almost all of whom came from Turkey. *See id.* ¶¶ 92-100. Even more alarmingly, analysis of Ohio teacher salary data has revealed that teachers with names traditionally linked with Turkish heritage are generally paid higher salaries than their non-Turkish counterparts—seemingly validating allegations that Turkish

teachers are required to kickback portions of their salary to organizations supporting Mr. Gulen. *See id.* ¶¶ 101-105.

## ARGUMENT

In light of the preliminary findings uncovered through Petitioner's investigation, it now seeks additional information under Section 1782 from the Respondent parties in furtherance of its ongoing criminal investigation in Turkey. Section 1782 allows the district court to order discovery for use in foreign proceedings, "including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). An application for discovery under Section 1782 may be properly granted where, as here, it satisfies the statutory requirements and the discretionary factors to be considered weigh in its favor.

### I. Petitioner's Application Satisfies the Statutory Requirements of Section 1782

The district court is authorized to grant a discovery request under Section 1782 when the following statutory requirements are met: (1) the request is made by a foreign or international tribunal or upon the application of an "interested person"; (2) the discovery is sought from a person who "resides or is found" in the district of the court to which the application is made; and (3) the discovery is "for use in a proceeding in a foreign or international tribunal." *Id.*; *see also In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1026 (N.D. Ill. 2006). With respect to this application, all requirements are met.

Petitioner in this case is an "interested person" within the meaning of the statute. An interested person is anyone possessing "a reasonable interest in obtaining [judicial assistance]," including "not only litigants before foreign or international tribunals, but also foreign and international officials . . ." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 257 (2004)

4

(quoting Smit, International Litigation 1027). As the foreign government overseeing the ongoing criminal investigation for which discovery is sought, Petitioner has undeniable interest in obtaining judicial assistance.

The second statutory requirement is met because each Respondent from whom discovery is requested resides or is found within this judicial district. It is also clear that Petitioner satisfies the third statutory requirement because it seeks discovery for use in a proceeding before a foreign tribunal. The "for use" requirement does not require that a foreign proceeding be pending or imminent. Rather, it requires only that a dispositive ruling by a foreign tribunal be "within reasonable contemplation" at the time the application is filed. *Intel*, 542 U.S. at 257 (request in connection with complaint filed with the Directorate General–Competition of the Commission of the European Communities was within reasonable contemplation of a subsequent dispositive ruling by a foreign tribunal). Indeed, the statutory language of Section 1782 even anticipates discovery requests relating to "criminal investigations conducted *before* formal accusation." 28 U.S.C. § 1782(a) (emphasis added). Several courts have thus granted discovery requests connected to ongoing criminal investigations. *See, e.g.*, *In re Accent Delight Int'l Ltd.*, 869 F.3d 121 (2d Cir. 2017) (request granted for use in criminal fraud investigation relating to prominent artworks); *In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456 (2d Cir. 2014) (request granted for use in Ponzi scheme investigation); *In re Mangouras*, 2017 WL 4990655 (S.D.N.Y. Oct. 30, 2017) (request granted for anticipated use of filing criminal complaint relating to the provision of false testimony); *In re Gianasso*, 2012 WL 651647 (N.D. Cal. Feb. 28, 2012) (request granted for use in criminal defamation investigation).

Like those cases, Petitioner here seeks discovery for use in an ongoing criminal investigation into various Turkish criminal offenses, including suspected money laundering

5

activities. That investigation is being conducted in reasonable contemplation of bringing criminal charges against the responsible parties before a Turkish tribunal. Accordingly, Petitioner's application satisfies the third and final statutory requirement for a discovery order under Section 1782.

## II.     The Discretionary Factors Weigh in Favor of Granting Petitioner's Application

In addition to the statutory requirements, the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* established four discretionary factors for district courts to consider when deciding Section 1782 applications. Those factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the receptivity of the foreign tribunal to U.S. court assistance; (3) whether the Section 1782 request is an attempt to "circumvent foreign proof-gathering restrictions"; and (4) whether the documents and testimony sought are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *see also Labor Court of Brazil*, 466 F. Supp. at 1030 (N.D. Ill. 2006). Applied here, the *Intel* factors weigh strongly in favor of allowing the requested discovery.

The first *Intel* factor "recognizes that nonparties to a foreign proceeding, especially nonparties that are not found in the jurisdiction of the foreign proceeding, are difficult for those proceedings to reach directly." *Labor Court of Brazil*, 466 F. Supp. at 1030. Evidence held by those parties may therefore be "unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *5 (N.D. Ill. Aug. 7, 2017) ("As such, § 1782 appears to be the only way Petitioner may seek discovery on an entity not yet a party to an arbitration proceeding and not within the jurisdictional boundaries of the [arbitration forum]."); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) (noting that it would be an "abuse . . . for a party to seek discovery in a federal district court that

it could obtain in the foreign jurisdiction [because it would force] his opponent to proceed in two separate court systems.") The Respondents to this application are all nonparties located outside the jurisdictional reach of Turkish courts. Granting Petitioner's application would not force any party to proceed in two separate court systems. As such, the first *Intel* factor weighs in Petitioner's favor.

The second *Intel* factor also weighs in Petitioner's favor. In some cases, courts have declined to grant Section 1782 discovery requests where foreign tribunals or foreign governments have expressly objected to the assistance of U.S. courts. *See, e.g.*, *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004) ("In this case, the German government was obviously unreceptive to the judicial assistance of an American federal court."); *In re Microsoft Corp.*, 428 F.Supp.2d 188, 194 (S.D.N.Y.2006) ("[T]he Commission has explicitly stated that it opposes the discovery sought by Microsoft and is not receptive to U.S. judicial assistance."). This is not one of those instances, however. There is no indication that Turkish courts would be unreceptive to materials discovered under Section 1782. *See Heraeus*, 633 F.3d at 596 ("[T]here is no indication that the German court in which Heraeus's suit against Biomet is pending would refuse to admit evidence that Heraeus obtained through U.S. discovery . . ."); *Labor Court of Brazil*, 466 F. Supp. at 1032 (granting discovery request where respondent failed to show foreign tribunal would be unreceptive to Section 1782 materials). In fact, this very petition arises from the Turkish government seeking the assistance of U.S. courts in furthering an important, ongoing criminal investigation in Turkey.

The third *Intel* factor again favors granting Petitioner's application. Petitioner does not seek any evidence that it could not have lawfully obtained in Turkey if the foreign tribunal had jurisdiction over Respondents, and is seeking Section 1782 discovery only because it cannot obtain

7

the evidence it needs in Turkey. *Compare Heraeus*, 633 F.3d at 596 (granting request where Petitioner was seeking discovery that was unobtainable in Germany) *with In re Microsoft Corp.*, 2006 WL 1344091, *3 (D. Mass. Apr. 17, 2006) (denying request where the foreign tribunal could provide the same discovery as petitioner was requesting under Section 1782).

The final *Intel* factor asks the court to determine whether Petitioner's discovery requests are unduly intrusive or burdensome. Courts evaluate these requests against Federal Rule of Civil Procedure 26. *See Kleimar*, 2017 WL 3386115, at *7 (subpoenas issued pursuant to Section 1782 are "as broad as what is otherwise permitted under Rule 26(b)(1).") (citations omitted). Rule 26(b)(1) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Labor Court of Brazil*, 466 F. Supp. 2d at 1033 (granting Section 1782 discovery request where materials that Petitioners sought were "relevant to the claims and defenses before the [foreign tribunal]" and where Respondent could collect the documents "without undue burden."). Discovery requests that are relevant to claims and defenses that will come before a foreign tribunal satisfy this standard even where they are "voluminous." *See Kleimar*, 2017 WL 3386115, at *7.

As discussed above, prior to submitting this application, Petitioner's counsel conducted an extensive investigation and review of public records to evaluate allegations that Respondents have engaged in criminal activities. Through that process, evidence was uncovered to suggest there is a substantial amount of truth to those allegations, and in turn a significant likelihood that proceeds

8

of such criminal activities have been funneled to parties in Turkey, all in violation of Turkish money laundering laws. Although public records have established a foundation upon which to believe criminal activity has occurred, Petitioner still requires the documentation and testimony requested through this application to complete its investigation and to bring criminal charges in Turkish court, especially given the extent to which Respondents have gone to conceal evidence that would shine light on the true nature of their operations. *See, e.g.,* Denis Smith, *Charter Schools Are Withholding Public Records*, Columbus Dispatch (June 8, 2018), https://www.dispatch.com/opinion/20180608/denis-smith-charter-schools-are-withholding-public-records. Because Petitioner's requests, although voluminous, are relevant to proceedings contemplated before a foreign tribunal, the final *Intel* factor weighs in favor of granting this application.

## PRAYER FOR RELIEF

In light of the foregoing, Petitioner respectfully requests that this Court:

(a) Enter an order granting Petitioner's Application for discovery pursuant 28 U.S.C. § 1782 and grant Petitioner leave to serve subpoenas on Respondents; and

(b) Such other relief and is just and proper.


Date: August 25, 2020

Respectfully submitted,

/s/Christopher P. Hotaling_____
Christopher P. Hotaling (Ill. Bar No. 6272432)
NIXON PEABODY LLP
70 W. Madison, Suite 3500
Chicago, IL 60602
(312) 977-4418 (telephone)
chotaling@nixonpeabody.com

*Applications for Attorney Admission Forthcoming:*

9

        John R. Sandweg
        N<small>IXON</small> P<small>EABODY</small> LLP
        799 Ninth Street, NW, Suite 500
        Washington, D.C. 20001-4501
        (202) 585-8819 (telephone)
        jsandweg@nixonpeabody.com

        Alper Tosun
        N<small>IXON</small> P<small>EABODY</small> LLP
        55 W. 46th St., Tower 46
        New York, NY 10036
        (212) 940-3098 (telephone)
        atosun@nixonpeabody.com

        *Counsel for Petitioner*