# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS._____ | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations

1

and trusts.

7.     "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

**<u>INSTRUCTIONS</u>**

1.     Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions

3

regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

        a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

        b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

4

c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

a.      All board of directors meeting agendas and minutes, both drafts and final;

b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

a.      All documents evidencing your employees' names and positions; and

b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

       a.      All documents and communications related to the negotiation of the management agreement;

       b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

       c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

       a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

       b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

       c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

       d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

       e.      All written employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

     f.     Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.     Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

     a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

     b.     U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

     c.     U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

     d.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.     Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

     a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

     b.     All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.      Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.      For the years 2005 to the present, produce the following:

      a.      All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

      b.      All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

      c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

d.      All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

e.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

12.     For the years 2005 to the present, produce the following:

a.      All communications and documents related to sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b.      All communications and documents related to the negotiations for the sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such property sales were discussed and approved;

d.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the sale or purchase of property from you to New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

13. For the years 2005 to the present, produce the following:

    a. All communications and documents related to purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

    b. All communications and documents related to the negotiations for the purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

    c. All communications and documents to include minutes (both draft and final) or notes, related to board meetings wherein such property purchases were discussed and approved;

    d. All communications and documents to include payment records, related to any commissions or consulting fees paid to anyone in connection with the purchase of property from New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.  _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| _____ | ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

1

7.      "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "Vendor" shall mean any individual, company, organization, or other entity that provides services to another company, organization, or entity, including, but not limited to, food and meal services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

9.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

10.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

11.     "Including" means including, but not limited to.

12.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

### **INSTRUCTIONS**

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form

2

must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.     If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.     If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.     If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.     If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.     If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions

regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.     The relevant timeframe for Requests, if not otherwise stated, is between 2015 and the present.

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

    a.     All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

    b.     All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

4

      c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

      a.      All board of directors meeting agendas and minutes, both drafts and final;

      b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

      c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

      a.      All documents evidencing your employees' names and positions; and

      b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

      a.      All documents and communications related to the negotiation of the management agreement;

      b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

      c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

      a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

      b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

      c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

      d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

      e.      All written employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

      f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.     Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

     a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

     b.     U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

     c.     U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

     d.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.     Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

     a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

     b.     All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

     c.     U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

      a.      All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

      b.      All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

      c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

      d.      All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

      e.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the

entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

12. For the years 2005 to the present, produce the following:

a. All communications and documents related to sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b. All communications and documents related to the negotiations for the sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c. All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such property sales were discussed and approved;

d. All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the sale or purchase of property from you to New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

13. For the years 2005 to the present, produce the following:

a. All communications and documents related to purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b. All communications and documents related to the negotiations for the purchase of any property from New Plan Learning, Inc. (to include any subsidiary

or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.      All communications and documents to include minutes (both draft and final) or notes, related to board meetings wherein such property purchases were discussed and approved;

d.      All communications and documents to include payment records, related to any commissions or consulting fees paid to anyone in connection with the purchase of property from New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.<br><br>_____<br>*Plaintiff*<br>v.<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                           *Server's signature*

                                                                     _____
                                                                           *Printed name and title*

                                                                     _____
                                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

7.      "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.       "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## <u>INSTRUCTIONS</u>

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s),

the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.     If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.     If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.     If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.     If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.     The relevant timeframe for Requests, if not otherwise stated, is between 2015 and the present.

3

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

      a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

      b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

      c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

5

b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.      All written employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

6

8.     Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

b.     U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

c.     U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

d.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.     Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

b.     All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

c.     U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

d.     U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.      Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.      For the years 2005 to the present, produce the following:

a.      All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

b.      All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

d.      All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

e.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

12.      For the years 2005 to the present, produce the following:

a.    All communications and documents related to sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b.    All communications and documents related to the negotiations for the sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.    All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such property sales were discussed and approved;

d.    All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the sale or purchase of property from you to New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

13.    For the years 2005 to the present, produce the following:

a.    All communications and documents related to purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b.    All communications and documents related to the negotiations for the purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.      All communications and documents to include minutes (both draft and final) or notes, related to board meetings wherein such property purchases were discussed and approved;

d.      All communications and documents to include payment records, related to any commissions or consulting fees paid to anyone in connection with the purchase of property from New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.<br><br>_____<br>*Plaintiff*<br>v.<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

1

7. "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8. "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9. The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10. "Including" means including, but not limited to.

11. To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1. Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents. Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them. Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2. If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s),

the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between 2015 and the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## **DOCUMENT REQUESTS**

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

      a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

      b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

      c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

      a.      All board of directors meeting agendas and minutes, both drafts and final;

      b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

      c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

      a.      All documents evidencing your employees' names and positions; and

      b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

      a.      All documents and communications related to the negotiation of the management agreement;

b.       All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.       All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.       Produce the following documents and communications related to your hiring and employment practices:

a.       All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.       All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.       All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.       All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.       All written employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.       Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

      b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

   e.  U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10. Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11. For the years 2005 to the present, produce the following:

   a.  All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

   b.  All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

   c.  All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

   d.  All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

   e.  All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | | |
|---|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                         *Server's signature*

                                                         _____
                                                         *Printed name and title*

                                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

1

7.     "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.     Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.     If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s),

the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      Produce the following documents and communications related to any management agreements between you and any charter schools:

> a.      All documents and communications related to the negotiation of the management agreement;
>
> b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and
>
> c.      All documents and communications related to payments made to or received from those charter schools pursuant to the management contract.

2.      For the year 2005 to the present, produce all current and former contracts between you and New Plan Learning, Inc. (including any New Plan learning, Inc. subsidiaries or disregarded entities).

3.      Produce the following documents and communications relating to your board of directors:

4

a. All board of directors meeting agendas and minutes, both drafts and final;

b. All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

c. All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4. For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

a. All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

b. All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

c. All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments. Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

5. For the year 2005 to the present, produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

6.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

7.      Produce all documents evidencing the names and positions of your current employees or any individuals employed within the last three years.

8.      Produce the following documents and communications related to your hiring and employment practices:

a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

9.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Labor Condition Applications (Forms ETA 9089);

      b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

11.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.<br>_____<br>*Plaintiff* | )<br>)<br>) |
| v. | )  Civil Action No. |
| _____<br>*Defendant* | )<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.　　"You" and "your" means New Plan Learning, Inc. (including any subsidiaries or disregarded entities) and all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.　　"Petitioner" shall be understood to refer to the Republic of Turkey.

3.　　"Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.　　"Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.　　"Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.　　"Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations

1

and trusts.

7.     "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.     Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2. If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3. If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4. If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5. If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6. If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

3

7.     The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     Produce the following documents and communications relating to your board of directors:

a.     All board of directors meeting agendas and minutes, both drafts and final;

b.     All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

c.     All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

2.     For the years 2005 to the present, produce all contracts or agreements between you and Concept Schools.

3.     For the years 2005 to the present, produce the following:

a.     All communications and documents related to sale, purchase, or lease of any property to or from any charter school managed by Concept Schools;

b.      All communications and documents related to negotiations for the sale, purchase, or lease of any property to or from any charter school managed by Concept Schools, including market surveys or other assessments of the property's fair market value;

c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such property sales, purchases, or leases were discussed and approved; and

d.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the sale, purchase, or lease of any property to or from any charter school managed by Concept Schools.

4.      For any time period, produce the following documents and communications related to the municipal bond you secured from the Pima County Industrial Development Authority in 2011 ("Pima IDA Bond"):

a.      All documents and communications relating to commissions or consulting fees paid to any individual involved with the Pima IDA Bond offering, including, but not limited to, Mr. Edip Pektas and Mr. Chris Hill;

b.      All documents and communications related to your selection of Mr. Edip Pektas and Mr. Chris Hill as non-employee advisors for the Pima IDA Bond offering;

c.      All communications with Mr. Edip Pektas related to the Pima IDA Bond offering;

5

    d.      All documents and communications related to the selection of Star

Consultants, Inc. and CR/Daccord, Inc. to perform services in connection with the

Pima IDA Bond offering;

    e.      All communications with Star Consultants, Inc. related to the awarding of

Pima IDA Bond-financed construction contracts and the execution of those

contracts;

    f.      All documents and communications related to the identification of

contractors and vendors to perform construction work financed by the Pima IDA

Bond offering; and

    g.      All communications related to the procurement process followed for the

selection of contractors and vendors to perform construction work financed by the

Pima IDA Bond offering, including those related to the materiality and/or

importance of procurement-related assurances made to bond investors.

5.      Produce all documents evidencing the names and positions of your current

employees or any individuals employed within the last three years.

6.      Produce all documents related to H-1B status and visa petitions filed with the U.S.

Government, including the following:

    a.      Filed and/or certified U.S. Department of Labor Condition Applications

(Forms ETA-9035/9035E);

    b.      U.S. Citizenship and Immigration Services Forms I-129, and any

additional documents submitted to U.S. Citizenship and Immigration Services in

support of H-1B applications;

c.    U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

d.    U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

7.    Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

a.    Filed and/or certified U.S. Department of Labor Labor Condition Applications (Forms ETA 9089);

b.    All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

c.    U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

d.    U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

e.    U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

8.    Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____

*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.       "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

1

7.      "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s),

the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.      If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      From the year 2010 to the present, produce the following:

   a.      All contracts or agreements to perform construction or other services at charter schools managed by Concept Schools.

   b.      All documents and communications related to the negotiations of contracts or agreements to perform construction or other services at charter schools managed by Concept schools, including but not limited to bids and other records provided in response to requests for proposals.

   c.      All documents, to include invoices, evidencing payments received or made related to the performance of construction or other services at charter schools managed by Concept schools.

2.      From the year 2010 to the present, produce all communications with New Plan Learning, Inc. (including any New Plan Learning, Inc. subsidiaries or disregarded entities) or Star Consultants, Inc. related to work to be performed at any charter schools managed by Concept Schools.

4

3. Produce all documents evidencing the names and positions of your current employees or any individuals employed within the last three years.

4. From the year 2010 to the present, produce all documents and communications evidencing any compensation paid to Mr. Edip Pektas, Mr. Mustafa Celik, and Mr. Ertugrul Gurbuz.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| _____ | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" means Design Furniture and Lab Systems, Inc. (d/b/a PCF Works, Clear Chair Store, DFLS Global Trading and Consulting, Décor Plus, and Décor Plus Furniture Store) and all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations

and trusts.

7.     "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.     Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

3

7.     The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     From the year 2010 to the present, produce all documents evidencing any individuals or entities having or formerly having an ownership interest in your company.

2.     Produce all contracts or agreements between you and Concept Schools or any charter school managed by Concept Schools.

3.     Produce all documents and communications related to the negotiations of contracts or agreements between you and Concept Schools or any charter school managed by Concept Schools, including but not limited to, bids and other records provided in response to requests for proposals.

4.     Produce all documents related to payments you received from Concept Schools or any charter school managed by Concept Schools.

5.     Produce all documents evidencing the names of your customers, and the items or services purchased.

6.      Produce all documents evidencing the names and positions of your current employees or any individuals formerly employed.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" means yourself, and where appropriate, and all officers,

directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of

any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing,

evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written,

recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence

(including e-mails and telephonic text messages), memoranda (whether or not mailed or

distributed outside the organization in which they are produced), studies, reports, minutes or

meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels,

tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts,

computer programs, electronically stored data, other data compilations from which information

can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any

other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not

limited to all individuals, sole proprietorships, associations, companies, partnerships, joint

ventures, corporations, non-profit corporations, limited partnerships, professional associations

and trusts.

1

7.      "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.       "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s),

2

the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3. If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4. If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5. If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6. If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7. The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.      If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      Produce all contracts or agreements between you and Concept Schools or any charter school managed by Concept Schools.

2.      Produce all documents related to any payments you received from Concept Schools or any charter school managed by Concept Schools.

3.      Produce all documents evidencing the names and positions of your current employees or any individuals formerly employed.

4.      Produce all communications with Mr. Edip Pektas related to Concept Schools or any charter school managed by Concept Schools.

5.      Produce all documents evidencing any compensation paid to Mr. Edip Pektas.

4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.
_____

|  |  |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

)
)
Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Petitioner" shall be understood to refer to the Republic of Turkey.

3.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

4.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

5.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

6.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

7.      "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

9.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

10.     "Including" means including, but not limited to.

11.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s),

2

the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.     If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.     If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.     If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.     If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.     The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.    If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     From the year 2010 to the present, produce the following:

a.     All contracts or agreements to perform construction or other services at charter schools managed by Concept Schools.

b.     All documents and communications related to the negotiations of contracts or agreements to perform construction or other services at charter schools managed by Concept schools, including but not limited to bids and other records provided in response to requests for proposals.

c.     All documents, to include invoices, evidencing payments received or made related to the performance of construction or other services at charter schools managed by Concept schools.

2.     From the year 2010 to the present, produce all communications with New Plan Learning, Inc. (including any New Plan Learning, Inc. subsidiaries or disregarded entities), Star Consultants, Inc., or Sundance International LLC (d/b/a/ PricePC.com) related to work to be performed at any charter schools managed by Concept Schools.

4

3.      Produce all documents evidencing the names and positions of your current employees or any individuals employed within the last three years.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
### for the

_____ District of _____

IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.
_____

<table>
<tr><td align="center"><em>Plaintiff</em></td><td>)<br>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)<br>)</td><td></td></tr>
<tr><td align="center"><em>Defendant</em></td><td>)</td><td></td></tr>
</table>

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

<em>(Name of person to whom this subpoena is directed)</em>

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

<em>CLERK OF COURT</em>

OR

_____          _____
<em>Signature of Clerk or Deputy Clerk</em>                                    <em>Attorney's signature</em>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "Account Holders" means any or all of the following legal entities:

        a.  Advanced Solutions for Education Inc.

        b.  Breeze Inc.

        c.  Chicago Mathematics and Science Academy Charter School, Inc.

        d.  Concept Schools NFP

            1.  d/b/a Horizon Science Academy McKinley Park Charter School

            2.  d/b/a Horizon Science Academy Belmont Charter School

            3.  d/b/a Horizon Science Academy Southwest Chicago Charter School

        e.  Core Group Inc.

        f.  Horizon Educational Services of Columbus, Inc.

            1.  d/b/a Horizon Science Academy Columbus High School

        g.  Horizon Science Academy, Inc.

            1.  d/b/a Horizon Science Academy Columbus Middle School

        h.  Horizon Science Academy – Cincinnati

        i.  Horizon Science Academy Cleveland Elementary Inc.

        j.  Horizon Science Academy – Dayton

        k.  Horizon Science Academy Dayton Downtown, Inc.

        l.  Horizon Science Academy Dayton High School, Inc.

        m. Horizon Science Academy Denison Elementary, Inc.

n.  Horizon Science Academy – Denison Middle School, Inc.

o.  Horizon Science Academy Elementary School, Inc.

p.  Horizon Science Academy of Lorain, Inc.

q.  Horizon Science Academy Primary

r.  Noble Academy – Cleveland, Inc.

s.  Noble Academy – Columbus, Inc.

2.  "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.  "Document" or "documents" means every original (or an identical copy if the original is unavailable), every copy which differs in any way from the original, and any translation of any handwritten, printed, typed, photographed, electronic or video recorded, phone or type-recorded or graphic matter, however otherwise produced or reproduced, computer data, computer diskettes, or compact disks, and computer hard drive memory, and includes any printed, typewritten, handwritten, graphic or recorded matter of any type and description, however and by whomever prepared, recorded, produced, reproduced, disseminated or made, including but not limited to, the following: all letters, minutes, notes, telegrams, facsimiles, electronic mail messages, reports, charts, accountant's statements, bank statements, credit card statements, debit card statements, books of account, ledgers, balance sheets, journals, account statements, lists, analyses, information sheets, financial publications, order forms, business records, personal records, financial statements, memoranda, summaries or records of conversations, tape recordings, or transcripts, notebooks, data sheets, work sheets, recommendations, audio and videotape records, photographs, and slides, statistics, studies, written agreements, checks, receipts, invoices, bills, and other writings, including computer

printouts of information stored in computer memory banks or on any tapes, discs, or other electrical or mechanical forms or devices, and any draft of any such material the content of which differs in any respect from the original, in the actual or constructive possession, custody or control of JP Morgan Chase Bank N.A.

4.     "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

5.     "Petitioner" shall be understood to refer to the Republic of Turkey.

6.     "Related to" or "relating to" with respect to any given subject, means anything that concerns, constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

7.     "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.     "You", "Your", and "JP Morgan" shall mean JP Morgan Chase Bank, N.A., its predecessors, successors, assigns, past or present affiliates, subsidiaries, parent companies, branches, current or former officers, directors, principals, employees, agents, representatives, partners, limited partners, or other persons (including, without limitation, its attorneys, accountants and advisors) acting or purporting to act on behalf of, at the direction of, or in concert with JP Morgan Chase Bank, N.A.

9.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

10.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

11.      "Including" means including, but not limited to.

12.      To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

<u>**INSTRUCTIONS**</u>

1.      Please produce all Documents in Your possession, custody, or control, including those in possession, custody, or control or Your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any Document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such Document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the Document; (3) the incident, event, or occurrence during which such Document was lost, destroyed, or otherwise became unavailable; (4) each Person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) Your efforts to locate each such document.

3.      If You object to any Request on the grounds that it is overly broad, You shall produce such Documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If You object to any Request on the grounds that it is overly or unduly burdensome, You shall produce such documents as can be provided without undertaking an undue burden.

5.      If You claim that any Document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, You shall provide a statement specifying the Document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If You claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond; rather You shall set forth in a part of Your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 1, 2015 to the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, You obtain or become aware of any or additional documents which are responsive to them, You must make additional or supplemental responses with respect to such documents.

9.      When producing a Document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested Document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      All Documents and/or Communications submitted by, on behalf of, evidencing, relating to, referring to or otherwise pertaining to any or all of the Account Holders, including but not limited to, the following:

      a.  Account opening documents relating to checking, saving, credit, or loan accounts, such as loan agreements, depository agreements, security agreements, guaranty agreements, and other account agreements;

      b.  Signature cards;

      c.  Bank statements;

      d.  All Documents relating to any withdrawals from any account held by the Account Holders, including but not limited to copies of all canceled checks, withdrawal slips, withdrawal receipts, money orders, or wire transfers; and

      e.  All Documents relating to any deposits or payments into account(s) held by the Account Holders, including but not limited to: copies of all canceled checks, deposit slips, deposit receipts, money orders, or wire transfers.

2.      All Documents relating to loan applications and/or mortgage applications for any or all of the Account Holders, whether approved or not approved, including, but not limited to: application forms and accompanying documents, underwriting documents, correspondence, construction reviews and inspections, and payment records through the life of such loans.

3.      All Documents relating to loans where any or all of the Account Holders have been listed as a co-buyer, co-signer, or where any or all of the Account Holders' assets have been pledged as collateral in a loan application.

4.      All Documents and/or Communications relating to any JP Morgan administered or ordered evaluation, assessment, due diligence, or investigation of any or all of the Account Holders.

5.      All Documents, including account statements, that identify payments made to Vendors of the Account Holders.

6.      All Documents, including account statements, that identify moneys received by the Account Holders from its Vendors.

7.      Documents sufficient to identify all Persons designated as authorized signers for any JP Morgan related accounts held by any or all of the Account Holders.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. <br><br> *Plaintiff* <br> v. <br><br><br> *Defendant* | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

  ❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

  ❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "Account Holders" means any or all of the following legal entities:

      a. 2350 Morse LLC

      b. 250 Shoup Mill LLC

      c. 2710 Bethel LLC

      d. Advanced Solutions for Education Inc.

      e. Breeze Inc.

      f. Horizon Educational Services Inc.

          1. d/b/a Horizon Science Academy Cleveland High School

      g. Horizon Science Academy – Cleveland Middle School Inc.

      h. Horizon Science Academy, Inc.

          1. d/b/a Horizon Science Academy Columbus Middle School

      i. Horizon Science Academy – Toledo

      j. Horizon Science Academy Youngstown, Inc.

      k. New Plan Learning, Inc.

      l. NOG-Ohio LLC

      m. OH-Ohio LLC

      n. Ozgur Balzoy

2.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Document" or "documents" means every original (or an identical copy if the

original is unavailable), every copy which differs in any way from the original, and any translation of any handwritten, printed, typed, photographed, electronic or video recorded, phone or type-recorded or graphic matter, however otherwise produced or reproduced, computer data, computer diskettes, or compact disks, and computer hard drive memory, and includes any printed, typewritten, handwritten, graphic or recorded matter of any type and description, however and by whomever prepared, recorded, produced, reproduced, disseminated or made, including but not limited to, the following: all letters, minutes, notes, telegrams, facsimiles, electronic mail messages, reports, charts, accountant's statements, bank statements, credit card statements, debit card statements, books of account, ledgers, balance sheets, journals, account statements, lists, analyses, information sheets, financial publications, order forms, business records, personal records, financial statements, memoranda, summaries or records of conversations, tape recordings, or transcripts, notebooks, data sheets, work sheets, recommendations, audio and videotape records, photographs, and slides, statistics, studies, written agreements, checks, receipts, invoices, bills, and other writings, including computer printouts of information stored in computer memory banks or on any tapes, discs, or other electrical or mechanical forms or devices, and any draft of any such material the content of which differs in any respect from the original, in the actual or constructive possession, custody or control of PNC Bank N.A.

4.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

5.      "Petitioner" shall be understood to refer to the Republic of Turkey.

6.      "Related to" or "relating to" with respect to any given subject, means anything that concerns, constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

7.      "Vendor" shall mean any individual, company, organization, or other entity that provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

8.      "You", "Your", and "PNC" shall mean PNC Bank, N.A., its predecessors, successors, assigns, past or present affiliates, subsidiaries, parent companies, branches, current or former officers, directors, principals, employees, agents, representatives, partners, limited partners, or other persons (including, without limitation, its attorneys, accountants and advisors) acting or purporting to act on behalf of, at the direction of, or in concert with PNC Bank, N.A.

9.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

10.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

11.      "Including" means including, but not limited to.

12.      To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

**INSTRUCTIONS**

1.      Please produce all Documents in Your possession, custody, or control, including those in possession, custody, or control or Your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any Document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such Document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the Document; (3) the incident, event, or occurrence during which such Document was lost, destroyed, or otherwise became unavailable; (4) each Person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) Your efforts to locate each such document.

3.      If You object to any Request on the grounds that it is overly broad, You shall produce such Documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If You object to any Request on the grounds that it is overly or unduly burdensome, You shall produce such documents as can be provided without undertaking an undue burden.

5.      If You claim that any Document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, You shall provide a statement specifying the Document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If You claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond; rather You shall set forth in a part of Your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 1, 2015 to the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, You obtain or become aware of any or additional documents which are responsive to them, You must make additional or supplemental responses with respect to such documents.

9.      When producing a Document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested Document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

**DOCUMENT REQUESTS**

1.      All Documents and/or Communications submitted by, on behalf of, evidencing, relating to, referring to or otherwise pertaining to any or all of the Account Holders, including but not limited to, the following:

a.   Account opening documents relating to checking, saving, credit, or loan accounts, such as loan agreements, depository agreements, security agreements, guaranty agreements, and other account agreements;

    b.   Signature cards;

    c.   Bank statements;

    d.   All Documents relating to any withdrawals from any account held by the Account Holders, including but not limited to copies of all canceled checks, withdrawal slips, withdrawal receipts, money orders, or wire transfers; and

    e.   All Documents relating to any deposits or payments into account(s) held by the Account Holders, including but not limited to: copies of all canceled checks, deposit slips, deposit receipts, money orders, or wire transfers.

2.    All Documents relating to loan applications and/or mortgage applications for any or all of the Account Holders, whether approved or not approved, including, but not limited to: application forms and accompanying documents, underwriting documents, correspondence, construction reviews and inspections, and payment records through the life of such loans.

3.    All Documents relating to loans where any or all of the Account Holders have been listed as a co-buyer, co-signer, or where any or all of the Account Holders' assets have been pledged as collateral in a loan application.

4.    All Documents and/or Communications relating to any PNC administered or ordered evaluation, assessment, due diligence, or investigation of any or all of the Account Holders.

5.    All Documents, including account statements, that identify payments made to Vendors of the Account Holders.

6.    All Documents, including account statements, that identify moneys received by the Account Holders from its Vendors.

7.      Documents sufficient to identify all Persons designated as authorized signers for any PNC related accounts held by any or all of the Account Holders.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# United States District Court
for the

_____ District of _____

IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.

_Plaintiff_

v.

_Defendant_

)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

_____

(Name of person to whom this subpoena is directed)

❏  _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏  _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____        _____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY  FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.<br><br>_____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT 1**

## **DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" means yourself, and where appropriate, and all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.       "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.      "All" and "each" shall be construed as all and each as appropriate in order to

1

bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

7.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

8.      To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## <u>INSTRUCTIONS</u>

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

**<u>DOCUMENT REQUESTS</u>**

1.      Produce all communications between you and Ms. Florence Freeman (a.k.a. Florence Gbaya and Florence Prescott) and/or Figs Café and Bakery LLC.

2.      Produce all documents related to Ms. Florence Freeman (a.k.a. Florence Gbaya and Florence Prescott) and/or Figs Café and Bakery LLC.